UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 2:12-CR-26-DCR-HAI-1 |
| | ) | No. 2:15-CV-07395-DCR-HAI |
| v. | ) | |
| | ) | ORDER |
| PATRICK ANDREW DONALD, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 23, 2015, Defendant Patrick Andrew Donald, proceeding pro se, filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] D.E. 63. After conducting a preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court found the petition to be procedurally improper and ordered Petitioner to file a corrected petition on or before April 13, 2015. D.E. 79.

Two weeks have now passed since the deadline to file a corrected petition, and Petitioner has not responded in compliance with the Court's Order at Docket Entry 79. In that Order, the Court provided notice to Petitioner that, if he failed to comply, the Court would recommend that the District Judge dismiss the instant action. Accordingly, the Court **RECOMMENDS** that Petitioner's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4. Any

---

[1] Because Defendant did not affirm under penalty of perjury when he placed his motion in the prison mailing system, he is unable to benefit from the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Therefore, the Court will treat his motion as having been filed on March 23, 2015, the date on which it was filed by the District Court Clerk.

resubmitted petition would be subject to the applicable statute of limitations because this Recommended Disposition in no way implicates or affects such statute.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 28th day of April, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge